NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30050 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00227-MO-1 |
| v. | |
| CESAR ANTONIO BECERRA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 7, 2019
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and ROBRENO,[**] District
Judge.

Cesar Antonio Becerra moved to suppress evidence seized during the

February 25, 2014 arrest, on the theory that the police lacked probable cause. The

district court denied that motion. Becerra was eventually found guilty of all the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

charges related to the February 2014 arrest.  He now appeals the district court's denial of his motion to suppress.  We affirm the district court's denial of the motion to suppress.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  Here the police watched the informant set up a drug transaction with Becerra via text message.  Moreover, that informant, who was known to the police and who had provided reliable information in the past, told the police that he previously had purchased heroin from Becerra at the location where Becerra planned to meet the informant.  Becerra was then followed to that very location.  "Because the [informant] correctly predicted the suspect's movement, a police officer could reasonably conclude that there was some degree of reliability to the [informant's] claim that the suspect was engaged in criminal activity."  *Foster v. City of Indio*, 908 F.3d 1204, 1214 (9th Cir. 2018) (per curiam).  A reasonable person with the information in the Portland police's possession would believe that Becerra was in the process of committing a crime, namely the possession of heroin with intent to distribute.

Becerra also argues that at trial the district court erred by failing to instruct the jurors orally as to the law they were required to apply during deliberations.  In

a concurrently filed opinion, we reverse and remand for a new trial because of that error.

**REVERSED and REMANDED.**